# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDNA FAYE H., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 18-581 |
| ANDREW M. SAUL, | * |
| Commissioner of Social Security, | * |
| Defendant.[1] | * |

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Edna H. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's *pro se* Motion for Summary Judgment (ECF No. 13); Defendant's Motion for Summary Judgment (ECF No. 14); Plaintiff's Motion for Summary Judgment and alternative motion for remand filed by Plaintiff's counsel (ECF No. 18); "Defendant's Reply to Plaintiff's Motion for Summary Judgment," docketed as Defendant's response to Plaintiff's motion for summary judgment (ECF No. 21); and "Plaintiff's Response to Defendant's Motion for Summary Judgment," docketed as Plaintiff's reply to Defendant's response to Plaintiff's motion for summary judgment (ECF No. 24).[2] Plaintiff contends that the administrative record does not

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a

contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 18) is **GRANTED**.

# I

# Background

On January 9, 2017, Administrative Law Judge ("ALJ") Charles Woode held a hearing where Plaintiff *pro se* and a vocational expert ("VE") testified. R. at 83-101. The ALJ thereafter found on February 7, 2017, that Plaintiff was not disabled from her alleged onset date of disability of January 1, 2004, through the date last insured of June 30, 2005. R. at 66-82. In so finding, the ALJ found that, through the date last insured, Plaintiff's "symptoms do not support listing 1.02," her "impairments do not meet or equal Social Security listing 1.04," and her "symptoms [do] not satisfy a cardiac listing (4.00)." R. at 72. The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She cannot climb ladders, ropes, or scaffolds. She can frequently handle bilaterally. She must avoid concentrated exposure to humidity, extreme temperatures, vibrations, and hazards." R. at 72.[3] In light of this RFC and the VE's testimony, the ALJ found that, through the date last insured, she could perform work in the national

---

device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

[3] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

economy such as an information clerk, order clerk, or sorter. R. at 76-77. The ALJ thus found that Plaintiff was not disabled from January 1, 2004, through the date last insured of June 30, 2005. R. at 77.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on February 26, 2018, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made,

the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[4]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to

---

[4] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not

disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

# IV

## Discussion

**A.     Plaintiff's *Pro Se* Motion for Summary Judgment**

Before obtaining counsel, Plaintiff filed a *pro se* Motion for Summary Judgment (ECF No. 13) and Defendant filed a Motion for Summary Judgment (ECF No. 14). Plaintiff requests the Court to consider a letter from her neurologist, Victor M. Osteria, M.D., dated December 1, 2015 (ECF No. 13 at 3). In Dr. Osteria's opinion, Plaintiff "was totally disabled for any occupation for which she was suitable by way of training, education, or experience prior to June of 2005." Because Plaintiff did not submit this evidence to the Commissioner during the administrative review process, the Court considers whether a remand is warranted under the sixth sentence of 42 U.S.C. § 405(g). Defendant maintains that a sentence-six remand is not warranted because Plaintiff does not provide good cause for failing to submit this evidence earlier and because this evidence would not have changed the ALJ's decision and is not material (ECF No. 14-1 at 20-21).

The sixth sentence of 42 U.S.C. § 405(g) provides:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). In other words, under the sixth sentence of § 405(g), "the court remands because new evidence has come to light that was not available to the claimant at the time of the

7

administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163 (1991). A claimant seeking a remand under sentence six must satisfy four requirements. *Finney v. Colvin*, 637 F. App'x 711, 715 (4th Cir. 2016) (per curiam). "First, the claimant must demonstrate that the new evidence is relevant to the determination of disability at the time the claimant first applied for benefits and is not merely cumulative of evidence already on the record." *Id.* at 715-16 (citing *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985)). Second, the claimant must establish that the evidence is material. *Id.* at 716. Evidence is material "if the court concludes that the [Commissioner's] decision might reasonably have been different had that evidence been before [her] when [her] decision was rendered." *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *see Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc) ("Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome."). "Third, the claimant must show that good cause exists for her failure to present the evidence earlier." *Finney*, 637 F. App'x at 716 (citing *Borders*, 777 F.2d at 955). Fourth, the claimant must present to the Court at least a general showing of the nature of the new evidence. *Id.* (citing *King*, 599 F.2d at 599). "In assessing whether the claimant has made these requisite showings, however, '[t]his Court does not find facts or try the case de novo.'" *Id.* (alteration in original) (quoting *King*, 599 F.2d at 599).

The Court finds that Plaintiff has not shown good cause for failing to submit earlier this evidence, which is dated before the ALJ's decision. This evidence also is not material, as it would not have changed the administrative outcome. Remand under the sixth sentence of 42 U.S.C. § 405(g) thus is not warranted.

**B.      Plaintiff's Supplemental Motion for Summary Judgment**

Now represented by counsel, Plaintiff contends that the ALJ erred at step three of the sequential evaluation by failing to evaluate properly whether her impairments met or equaled 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A ("Listing 1.04A") or a cardiac listing under § 4.00. Pl.'s Mem. Supp. Mot. Summ. J. 8-22, ECF No. 18-1.  She also asserts that remand is warranted because the ALJ failed to follow the special technique outlined in 20 C.F.R. § 404.1520a for evaluating mental impairments.  *Id.* at 22-26.  She finally maintains that substantial evidence does not support the ALJ's limitation of her RFC to frequent handling bilaterally (R. at 72).  *Id.* at 27-30.  For the reasons discussed below, the Court remands this case for further proceedings.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.'  A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1.  "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)).  "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94).  "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle

9

weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

Both parties initially argue at length whether radiculopathy is tantamount to evidence of nerve root compression. However, "[r]adiculopathy is a disease of the nerve roots," *Hays v. Sullivan*, 907 F.2d 1453, 1457 n.4 (4th Cir. 1990), and "[n]erve root compression is a form of radiculopathy." *Id.* at 1457 n.5; *see Walker v. Colvin*, Civil Action No. CBD-15-2293, 2016 WL 8669936, at *4 (D. Md. July 15, 2016) (noting that "radiculopathy is defined as 'compression of the nerve root'"). In any event, the parties also dispute whether Listing 1.04A's criterion of motor loss accompanied by sensory or reflex loss has been met. For example, Plaintiff maintains that on April 20, 2004, Plaintiff sought treatment for numbness in the upper extremities and back pain radiating down her right leg through the buttock, knee, and feet. Pl.'s Mem. Supp. Mot. Summ. J. 17, ECF No. 18-1 (citing R. at 645). Defendant argues, however, that examination revealed no gross neurological deficit in the upper or lower extremities. Def.'s Reply to Pl.'s Mem. Supp. Mot. Summ. J. 5, ECF No. 21. "However, in the absence of any analysis by the ALJ, [the Court is] unable to understand how, or whether, he evaluated that evidence." *Somerville v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-16-3358, slip op. at 3 (D. Md. Oct. 4, 2017). It is not the Court's "role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, 632 F. App'x 750, 755 (4th Cir. 2015) (per curiam). Plaintiff's "medical record is not so one-sided that one could clearly decide, without analysis, that Listing [1.04A] is not implicated." *Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (per curiam). The Court's resolution of Plaintiff's step-three issue would compel the Court "to review the medical record de novo to discover facts to support or refute the ALJ's finding at Step Three," which the Court may not do.

*Id.* Rather, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because "the ALJ's failure to adequately explain his reasoning precludes [the Court] from undertaking a 'meaningful review' of the finding that [Plaintiff] did not satisfy Listing 1.04A," *Radford*, 734 F.3d at 296, "like in *Fox* and *Radford*, remand is appropriate for additional explanation to permit adequate appellate review of the ALJ's reasoning." *Somerville*, slip op. at 3. For these reasons, remand is also appropriate for additional explanation of the ALJ's finding that Plaintiff's symptoms did not satisfy a cardiac listing under § 4.00.

The Court need not address Plaintiff's remaining arguments regarding the ALJ's evaluation of her mental impairments under 20 C.F.R. § 404.1520a and the ALJ's limitation of her RFC to frequent handling bilaterally. *See Brown*, 639 F. App'x at 923 ("[The claimant] also argues on appeal that the district court erred in concluding that the ALJ properly accorded less than controlling weight to the opinion of one of [the claimant's] treating cardiologists. However, in view of our decision to vacate the decision and remand on Step Three of the sequential analysis, we decline to address this issue."). In any event, an error in failing to follow the special technique may be harmless in some cases. *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662 (4th Cir. 2017); *cf. Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011) ("An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has a 'colorable claim of mental impairment.'"); *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985) (a claim is "colorable" if it is not "wholly insubstantial,

immaterial, or frivolous"). Because this matter is being remanded on other grounds, the ALJ on remand should apply the special technique under 20 C.F.R. § 404.1520a in evaluating Plaintiff's mental impairment. *See Stemple v. Astrue*, 475 F. Supp. 2d 527, 542 (D. Md. 2007). Furthermore, on remand, the ALJ should explain how Plaintiff's work as a hairdresser demonstrates that she could frequently reach and frequently handle bilaterally for a full workday through the date last insured. *See Owens v. Colvin*, 727 F.3d 850, 851 (8th Cir. 2013) (noting definition of "frequently" as "activity or condition [that] exists from 1/3 to 2/3 of the time" (alteration in original)).[5]

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**. Plaintiff's Motions for Summary Judgment (ECF Nos. 13, 18) are **DENIED**. Plaintiff's alternative motion for remand (ECF No. 18) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: September 24, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge

---

[5] As Defendant points out, the ALJ's error in failing to resolve an apparent conflict between the VE's testimony and the *Dictionary of Occupational Titles* regarding the job of order clerk that requires constant handling is harmless. *See* Def.'s Reply to Pl.'s Mem. Supp. Mot. Summ. J. 15-16, ECF No. 21.